[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-13082

Non-Argument Calendar

_____

In Re: Lee Wendell Loder,
 Adrianne Lawnyette Ragland Loder,

Debtors.

_____

LEE WENDELL LODER,

Plaintiff-Appellant,

*versus*

ICEMAKERS INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:20-cv-01372-LSC

_____

Before JORDAN, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Lee Loder challenges the bankruptcy court's refusal to stop Icemakers, Inc. from enforcing a state-court judgment against him. We affirm the bankruptcy court's denial of his motions.

## I.

This appeal stems from a bitter seventeen-year dispute between Loder and Icemakers over a debt of less than $6,000.[1] In early 2007, Loder and Icemakers entered into a consent judgment regarding this debt in Alabama state court. Shortly thereafter, Loder and his wife filed for Chapter 7 bankruptcy, and Icemakers filed a complaint for nondischargability. Loder and Icemakers settled in October 2007, leading to a federal consent judgment that declared the debt nondischargeable, but that did not otherwise reference the state-court proceedings or the appropriate interest rate for the debt.

_____

[1] We assume the parties' familiarity with this litigation's facts and procedural history and only discuss those elements necessary to resolving this appeal.

Nearly ten years later—after various failed efforts to collect the debt—Icemakers filed a motion to revive the state-court judgment in 2017.  Loder then filed a "Motion for Contempt & Sanctions for Violation of the Bankruptcy Discharge" and a "Motion for Summary Judgment on the Issue of Liability for Violation of the Discharge Injunction" before the bankruptcy court.  He argued that Icemakers' actions in state court violated the 2007 federal consent judgment because the bankruptcy consent order created a "new, replacement judgment" that displaced the state-court judgment, making Icemakers' efforts to revive the state-court judgment a sanctionable defiance of the bankruptcy court. Icemakers filed its own motion for summary judgment.  The bankruptcy court granted Icemakers' motion and denied Loder's. Loder appealed, and the district court affirmed, holding that "the only effect of the Bankruptcy Court judgment was to render the debt Loder owed Icemakers nondischargeable.  It did not replace the state court judgment with a new money judgment." *Loder v. Icemakers, Inc.*, No. 2:18-cv-00812-LSC, 2019 WL 10784382, at *4 (N.D. Ala. Feb. 27, 2019).  Loder then appealed to this Court, which also affirmed.  *In re Loder*, 796 Fed.Appx 698 (11th Cir. 2020) (unpublished).

On remand, Loder filed a two-page "Motion to Enforce Settlement Agreement & for Temporary Restraining Order," arguing—as he had in his prior motion—that the federal consent judgment displaced the state-court judgment against him, and that Icemakers' efforts to enforce the state-court judgment were thus

improper.  On August 28, 2020, the bankruptcy court denied Loder's motion.  It noted that Icemakers had tried to collect the state-court judgment for nearly 13 years, that the 2007 federal consent judgment did not purport to replace the state-court judgment, and that the 2007 federal consent judgment did not address the rate of interest to be applied to the debt.  And given Loder's earlier appeals, it held that "principles of *res judicata* and collateral estoppel apply here."  Within a week of the bankruptcy court's August 28 order, Loder twice moved for reconsideration, and the bankruptcy court denied both motions.

Loder appealed these orders to the district court, and Icemakers moved to dismiss the appeal as frivolous.  The district court affirmed the bankruptcy court and partially granted Icemakers' motion.  Loder appealed both the district court's determination that his appeal was frivolous and the district court's order affirming the bankruptcy court, after which Icemakers moved to dismiss *this* appeal as frivolous too.  Loder then moved to dismiss his own appeal for lack of jurisdiction, and this Court partially granted that motion—holding that we lacked jurisdiction to review the district court's finding that the appeal was frivolous, but that we had jurisdiction to review the district court's order affirming the bankruptcy court.  We now resolve what remains of this appeal.

## II.

Loder affirmatively limits his appeal of the bankruptcy court's August 28 order denying his motion to enforce the

settlement agreement (and his appeal of the denials of his motions to reconsider)—he only challenges "the bankruptcy court's factual findings that contradicted the debtor's assertion that the parties intended to limit their options contractually in the bankruptcy settlement agreement." He thus waives any challenge to the bankruptcy court's holding that his motion was procedurally barred based on its *old* factual findings, instead only challenging an arguably *new* factual finding that the parties did not mutually intend that the federal consent agreement would replace the state-court judgment against Loder.

We review the factual findings of a bankruptcy court for clear error. *In re Optical Techs., Inc.*, 425 F.3d 1294, 1300 (11th Cir. 2005). "We will not find clear error unless our review of the record leaves us with the definite and firm conviction that a mistake has been committed." *Jackson Nat'l Life Ins. Co. v. Crum*, 25 F.4th 854, 859 (11th Cir. 2022) (quotation omitted).

Assuming that Loder's challenge is procedurally appropriate, he has not shown that the bankruptcy court's factual findings were clear error.[2] His briefing is conclusory; he gives no evidence from the record that the parties actually *did* intend to have the 2007 federal consent judgment replace the state-court

---

[2] The parties do not fully brief the procedural issues raised by a limited appeal of new factual findings in an order that otherwise holds that a motion is procedurally barred. Because Loder's arguments fail even if this appeal is procedurally proper, we decline to address those issues.

judgment. As for the bankruptcy court's findings on their own terms, that court reasonably observed that Icemakers' actions are inconsistent with an agreement to exclusively resolve matters before the bankruptcy court, and it correctly noted the limited terms of the 2007 federal consent judgment. Our review of the record does not leave us with a definite and firm conviction that a mistake has been made. Given that Loder challenges no other elements of the bankruptcy court's orders, this lack of clear error resolves his appeal.

## III.

That leaves Icemakers' motion to dismiss this appeal as frivolous. We will only dismiss appeals as frivolous if they are "utterly devoid of merit." *Parker v. Am. Traffic Sols., Inc.*, 835 F.3d 1363, 1371 (11th Cir. 2016) (quotation omitted). Because Loder only sought a limited review of factual findings by the bankruptcy court that were at least arguably new, we cannot call his appeal utterly devoid of merit. Moreover, although this Court found that we lacked jurisdiction over Loder's original challenge to the district court's dismissal of that appeal as frivolous, Loder's apparent original belief that this Court had jurisdiction over that order also was not utterly devoid of merit. We thus deny Icemakers' motion.

\*    \*    \*

We **AFFIRM** the district court's order affirming the bankruptcy court's denial of Loder's motions and **DENY** Icemakers' motion to dismiss this appeal as frivolous.